# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WILSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   4:15-CV-476-AGF |
| ST. LOUIS COUNTY, et al., | ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on review of plaintiff' motion for leave to proceed in forma pauperis [Doc. #2], motion for appointment of counsel [Doc. #3], and motion for leave to file an amended complaint [Doc. #6]. For the following reasons, the court will (1) grant plaintiff in forma pauperis status and assess him an initial partial filing fee of $12.37; (2) deny without prejudice plaintiff's motion for counsel; and (3) instruct plaintiff to file an amended complaint on a court form in accordance with the instructions set forth below.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $61.83, and an average monthly balance of $26.77. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the court will assess an initial partial filing fee of $12.37, which is twenty percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $61.83, and an average monthly balance of $26.77. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the court will assess an initial partial filing fee of $12.37, which is twenty percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992).

## The Complaint

Plaintiff, an inmate at the St. Louis County Justice Center, seeks monetary relief against St. Louis County and four Des Peres police officers in this 42 U.S.C. § 1983 action for the violation of his constitutional rights following the alleged use of deadly force on January 15, 2015. In addition, plaintiff has filed a motion to amend the complaint.

## Discussion

At the outset, the court notes that the proposed amended complaint [Doc. #6, Attachment #1] is defective, because it was not drafted on a court-provided form. *See* Local Rule 2.06(A). Moreover, the Court does not allow parties to amend their pleadings by interlineation or supplementation.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a court-provided form in accordance with the instructions set forth below. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name and shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. Plaintiff should not attach any exhibits to his amended complaint; all his claims should be clearly set forth in the "Statement of Claim."

In addition, the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. More specifically, the amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he

may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff risks dismissal of this action if he fails to comply with this court's instructions.

In addition, plaintiff has filed a motion for appointment of counsel on the ground that he is indigent and cannot afford an attorney. For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and

it is evident that plaintiff is able to present his claims against defendants. Consequently, the motion will be denied at this time, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $12.37 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, consistent with the instructions set forth in this Memorandum and Order, plaintiff shall file an amended complaint within thirty (30) days from the date of this Order.[1]

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the court-provided form for filing a prisoner complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this court's instructions will result in the dismissal of this action, without prejudice and without further notice.

---

[1] For his amended complaint, plaintiff shall use the court-provided form for filing a prisoner complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel [Doc. #3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint that was not prepared on a court-provided form [Doc. #6] is **DENIED.**

Dated this 5th day of May, 2015.

_____
**AUDREY G. FLEISSIG**
**UNITED STATES DISTRICT JUDGE**