UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00476-AGF |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's complaint (Doc. No. 1) and first amended complaint (Doc. No. 11), pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims except his claim that two St. Louis County police officers used excessive force in affecting his arrest on January 14, 2015.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a Defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. The Plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether Plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*. at 682. In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## I. The Pleadings

Plaintiff, an inmate at the Eastern Reception and Diagnostic Center, brings this 42 U.S.C. § 1983 action against Defendants St. Louis County, T.J. Maxx Co., and Des Peres

police officers Nathaniel Jaeger, Trent Koppel, and Daniel Milberg.[1] Plaintiff claims that Defendants violated "RSMo. 563.046(2)[2] and the American Penal Code (2)." Plaintiff sues Defendants "individually or collectively," which the Court will construe as a statement that he is suing the individual Defendants in their individual capacities. The Court notes that Plaintiff attached to his original complaint several portions of a Des Peres police report relating to the January 14, 2015 incident that is the subject of this action, and he has added his own hand-written comments, challenging numerous statements set forth therein (Doc. No. 16).

Affording the complaint, amended complaint, and attached exhibits a liberal construction, Plaintiff alleges that on January 14, 2015, a T.J. Maxx employee telephoned the Des Peres Police Department to report a larceny in progress. Officers Jaeger, Koppel, and Milberg responded to the call. Plaintiff claims that upon their arrival, they were told Plaintiff had "concealed a pair of blue jeans in front of his pants." Plaintiff states that Officer Jaeger could have easily placed him under arrest when he was still in the store or when he was walking out towards his automobile before leaving the parking lot. Plaintiff states that Jaeger's failure to arrest him at that time "was the moving force between

---

[1] In the original complaint, Plaintiff also named Matthew Wilson as a Defendant; however, in his pro se motion to amend the complaint (Doc. No. 6), Plaintiff stated he would like to remove Wilson and add T.J. Maxx. When Plaintiff filed his amended complaint, he did not include Wilson as a Defendant, and therefore, the Court will instruct the Clerk of Court to terminate this party.

[2] This section provides as follows: "The use of any physical force in making an arrest is not justified under this section unless the arrest is lawful or the law enforcement officer reasonably believes the arrest is lawful."

3

Plaintiff['s] injury and [the] deprivation of federally protected rights because of T.J. Maxx['s] failure to follow store policy and or custom and because of . . . Jaeger['s] failure to follow protocol, policy, and or custom."

Plaintiff further claims that Officer Koppel, despite knowing that no felony had been committed, used unnecessary, excessive, and deadly force against him by firing three shots into his vehicle while he was stuck in traffic, causing serious bodily injury after one of the shots struck Plaintiff in the shoulder, and causing Plaintiff to lose control of the car, after which Officer Milberg fired two more shots into the car. In addition, Plaintiff alleges that "[e]ach herein named Defendant[] . . . conspired on January 14, 2015," and that Officer Jaeger "is in conspiracy with [Officers Milberg and Koppel], covering up the actual fact of knowing Det. Trent Koppel fired her weapon."

Furthermore, Plaintiff alleges that he was charged "with the suspect crime of assault 2nd degree on law enforcement officer[s], resisting by fleeing, [and] stealing 3rd offense," in violation of his constitutional rights. The Court will construe these allegations as asserting Fourth Amendment claims against Officers Jaeger, Koppel, and Milberg for falsely arresting him on trumped-up charges and wrongly accusing him of felonies he did not commit in order to justify their allegedly unconstitutional actions of firing into Plaintiff's car.

For relief, Plaintiff seeks monetary damages, as well as an order dismissing his pending state criminal charges arising out of the T.J. Maxx incident. On March 30, 2015,

and July 8, 2015, the Court received undated letters from Plaintiff (Doc. Nos. 5 and 15). In the March 30, 2015 letter, Plaintiff states he is writing because he sees "so much covering up, lies, deceit and conspiracy going on with this case." In the July 8, 2015 letter, Plaintiff requests appointment of counsel. In addition, in each letter, Plaintiff discusses the facts underlying this case. To the extent that these letters reference the events that are the subject of this action, the Court will treat them as supplements to the amended complaint.

A review of Missouri CaseNet indicates that, in St. Louis County Circuit Court, Plaintiff was charged with three state felonies in *Missouri v. Wilson*, No. 15-SL-CR00332-01 (2015). The listed charges were, as follows: Assault on a Law Enforcement Officer (Felony C, R.S. Mo. 565.082), Stealing (Felony D, R.S. Mo. 570.040), and Resisting/Interfering with Arrest for a Felony (Felony D, R.S. Mo. 575.150). All three charges were dated January 14, 2015, the date of the T.J. Maxx incident. Missouri CaseNet further indicates that on July 24, 2015, Plaintiff pled guilty to these felony charges and was sentenced to concurrent terms of five years, two years, and two years, respectively. This is corroborated in Plaintiff's August 10, 2015 letter to the Court (Doc. No.17), in which he states, *inter alia*, that he has now pled guilty to all three of the underlying state criminal charges and has been sentenced, as set forth above.

## II. Discussion

### Defendants T.J. Maxx and St. Louis County

To state a claim under § 1983, a Plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Although Plaintiff summarily asserts that T.J. Maxx "acted under color of state law," there are no facts indicating that this Defendant was a state actor within the meaning of § 1983. Simply because a T.J. Maxx employee called the local police to report a theft does not make the company a state actor. Plaintiff's allegation that T.J. Maxx acted "collectively" with the police does not suffice. *See Bey v. Bridgeton Police Dep't*, 775 F. Supp. 1255, 1256 (E.D. Mo. 1991) (dismissing a § 1983 action for failure to state a claim against K-Mart employees who allegedly called police to report plaintiff shoplifted, because the employees were "not state actors for purposes of section 1983," and mere "allegations of a conspiracy between them and the state police officers are not sufficient to state a claim"). Moreover, T.J. Maxx cannot be liable under § 1983 on a respondeat superior theory based on the action of its employees. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993). As such, Plaintiff's allegations against T.J. Maxx fail to state a claim or cause of action under § 1983.

Although a municipality, such as Defendant St. Louis County, is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior

6

theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. *Id*. at 694; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-82 (1985). There being no such allegations in the present action, this action is legally frivolous as to Defendant St. Louis County.

For these reasons, this action will be dismissed as legally frivolous with regard to Defendants T.J. Maxx and St. Louis County.

## Defendants Jaeger, Milberg, and Koppel

The Court concludes that Plaintiff's § 1983 claims against Officers Jaeger, Milberg, and Koppel for false arrest in violation of Plaintiff's constitutional rights are barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, in order to recover damages for harm caused by actions that would render a conviction or sentence invalid, a § 1983 Plaintiff must first prove that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. The Supreme Court presented the following example of a situation wherein a § 1983 action would not lie:

> A state Defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this

7

> § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata . . . the § 1983 action will not lie.

*Id*. at 486, n.6.

In the case at bar, Plaintiff's claim that he was falsely arrested based on trumped-up state felony charges is *Heck*-barred in light of Plaintiff's guilty pleas to those same charges. In other words, success on Plaintiff's § 1983 trumped-up-charges claim necessarily would impugn the validity of his guilty-plea convictions. As such, before proceeding with his false arrest claim, Plaintiff must show that his state convictions/sentences have been reversed, expunged, or called into question, which, to date, he has not alleged or demonstrated. *See, e.g., Ashley v. Sutton*, 492 F. Supp. 2d 1230, 1253-54 (D. Or. 2007).

The Court, however, cannot say at this stage of the proceedings that Plaintiff's excessive-use-of-force claims against Officers Koppel and Milberg are also *Heck*-barred. Under Missouri law, a person commits the crime of resisting or interfering with an arrest,

> if, knowing that a law enforcement officer is making an arrest . . . or the person reasonably should know that a law enforcement officer is making an arrest . . . the person:
>
> Resists the arrest . . . of such person by using or threatening the use of violence or physical force or by fleeing from such officer.

Mo. Rev. Stat. § 575.150(1)(1).

Without further development of the facts, the Court cannot say as a matter of law, that Plaintiff's claims of excessive force are necessarily inconsistent with his guilty-plea convictions for assault, stealing, and resisting/interfering with arrest. *See Dyer v. Lee*, 488

F.3d 876, 881 (11th Cir. 2007) (citing cases); *Smith v. City of Hemet,* 394 F.3d 689, 693 (9th Cir. 2005) (en banc) (holding that a plaintiff convicted of resisting arrest was not *Heck*-barred from bringing a §1983 action for excessive use of force, where the excessive force was employed against him after he had engaged in the conduct that constituted the basis for his conviction, because in such a case success on Plaintiff's § 1983 action would not imply the invalidity of the conviction); *Ashley*, 492 F. Supp. 2d at 1254-55 (holding that the plaintiff's success on an excessive force claim against a police officer would not necessarily invalidate her conviction for resisting arrest, and therefore *Heck* did not preclude the claim).

Plaintiff does not set forth any allegations against Officer Jaeger with respect to the excessive force claim. The allegations of conspiracy are related to the false arrest claim which the Court has held to be barred. Accordingly, Officer Jaeger shall be dismissed from the action.

### Request for Appointment of Counsel

With respect to his request for appointment of counsel, Plaintiff states that his case "is more complex than it appears," and the Defendant police officers' paperwork and statements "don't add up." "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se

9

litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that appointment of counsel is not warranted at this point. This case is neither factually nor legally complex, and Plaintiff has aptly demonstrated his ability to coherently present his claims, as set forth in the pleadings. For these reasons, the Court will deny Plaintiff's request for appointment of counsel.

## Conclusion

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall terminate Matthew Wilson as a Defendant in this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**. (Doc. No. 18.)

**IT IS FURTHER ORDERED** that the complaint is dismissed for failure to state a claim with respect to Defendants T.J. Maxx, Inc., St. Louis County, and Nathaniel Jaeger, and process shall not issue as to these Defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve process on Defendants Trent Koppel and Daniel Milberg with respect to Plaintiff's excessive force claim.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2016.