UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CV00476 AGF |
| ) | |
| TRENT KOPPEL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion of Defendants Trent Koppel and Daniel Milberg for summary judgment (ECF No. 74). For the reasons set forth below, the motion will be denied as to Daniel Milberg and granted as to Trent Koppel.

## BACKGROUND

The following facts are essentially undisputed. On the afternoon of January 14, 2015, Defendants Koppel and Milberg, while on duty as police officers for the City of Des Peres, responded to a radio dispatch for suspected shoplifting in a T.J. Maxx store. Des Peres Police Officer Nathaniel Jaeger also responded at about the same time in a different police vehicle. Jaeger parked on the east side of the parking lot, while Koppel and Milberg parked on the west side. While the three officers waited outside, they were told via police dispatch communications from a T.J. Maxx loss-prevention officer that two men were inside the store, and one man was stealing clothing. The officers waited outside for 10 to 15 minutes.

The loss-prevention officer then informed Koppel and Milberg that the two men, later identified as Plaintiff and his friend, were in the process of leaving the parking lot in a vehicle. The loss-prevention officer provided a description of the men, a partial license plate, and a description of the vehicle. When Plaintiff exited the parking lot on the east side and began traveling westbound on Manchester Road, Jaeger pulled behind Plaintiff's vehicle and turned on his red lights and siren. Milberg exited the parking lot on the west side and stopped his vehicle on Manchester Road ahead of Plaintiff, creating a partial roadblock in the westbound lane. Milberg activated his emergency lights.

Milberg's dash cam footage, which is part of the summary judgment record, shows Plaintiff's vehicle on Manchester Road alongside the curb, stopped behind three vehicles, with Jaeger's vehicle behind him. Jaeger radioed to Milberg and Koppel that Plaintiff was maneuvering his vehicle to drive over the curb, onto the adjacent grassy area. From a stationary position, Plaintiff turned his vehicle's front wheels and began to drive slowly over the curb. At the same time, Milberg, who had exited his car, ran into the grassy area towards Plaintiff's vehicle. As Plaintiff passed Milberg, Milberg fired his weapon directly at Plaintiff twice within three seconds. The first shot entered the front windshield of Plaintiff's vehicle, and the second shot entered the driver's side window and struck Plaintiff in the back of the arm.

After passing Milberg, Plaintiff drove toward the road and made a right turn. Police pursued him. Eventually, he exited his car and began to run. Plaintiff was apprehended soon thereafter by Officer Jaeger.

On July 24, 2015, Plaintiff pled guilty in state court to stealing, resisting arrest by fleeing, and second-degree assault of a law enforcement officer. In regards to the assault charge, the indictment stated that "[Plaintiff] purposely placed [Milberg], a law enforcement officer, in apprehension of immediate serious physical injury, by driving his vehicle in the direction of the officer to escape arrest." ECF No. 74-6 at 1.

In his second amended complaint, Plaintiff asserts three claims: a claim under 42 U.S.C. § 1983 for unconstitutional excessive force, in violation of his Fourth and Fourteenth Amendment rights, against both Defendants (Count I); a claim for common law assault against both Defendants (Count II); and a claim for common law battery against Milberg (Count III). Plaintiff alleges that he "did not drive his vehicle directly at Defendant Milberg, nor did he drive his vehicle at such a speed or in such a manner as to present a direct and immediate threat to any police officers, passersby, or other vehicles." ECF No. 61 ¶ 20.

## **ARGUMENTS OF THE PARTIES**

In support of their motion for summary judgment, Defendants first argue that Plaintiff's § 1983 excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff cannot state a claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff proves that the conviction has already been invalidated). According to Defendants, the facts demonstrate that the alleged excessive force occurred when Plaintiff purposely placed Milberg in apprehension of serious physical injury. Therefore, the allegation that Plaintiff did not drive in a manner presenting a direct threat to Defendants

and bystanders would "necessarily imply the invalidity of his guilty plea and conviction." ECF No. 75 at 13.

Defendants also contend that, under all of the circumstances, they responded with reasonable force and did not violate the Fourth and Fourteenth Amendments. Defendants argue that they perceived the vehicle traveling directly at Milberg, and Milberg fired his weapon because he felt that he was trapped and that Plaintiff was putting him in grave danger. Defendants contend that the fact that the dash cam footage does not show Milberg in imminent danger of being struck does not render unreasonable his belief that he was in imminent danger at the time the events occurred. Defendants also point to the fact that the vicinity was busy, with vehicles and pedestrians potentially traveling through the intersection towards which Plaintiff was driving. Because of the potential harm to pedestrians and other motorists in the area, Defendants argue that Milberg acted objectively reasonably in firing his weapon at Plaintiff.

Defendants next argue that they are entitled to qualified immunity because, at the time that the events took place, it was not clearly established that the Fourth Amendment prohibited Milberg's conduct. Defendants contend that it was not clear whether Milberg was prohibited from shooting a person suspected of a crime, who was avoiding capture through vehicular flight, when the officer and persons in the immediate area were put at risk by that flight.

Lastly, Defendants argue that they are entitled to official immunity as to the common law assault and battery claims because they acted reasonably under the circumstances and used no more force than was reasonably necessary. They maintain

4

that because they used their discretion in determining how best to detain Plaintiff, and Milberg discontinued the use of force when Plaintiff no longer presented a danger to Milberg or pedestrians in the immediate area, Defendants acted reasonably and are entitled to official immunity.

In response to the motion for summary judgment, Plaintiff first argues that prevailing on his excessive force claim would not impugn the validity of his guilty plea for assault. Therefore, the excessive force claim is not barred by *Heck*. Plaintiff asserts that an assault on a law enforcement officer does not give the officer carte blanche authority to respond with any type or amount of force; the officer's use of force in response to an individual resisting arrest or assaulting the officer must still be reasonable and proportionate.

Plaintiff argues that the dash camera video shows that he did not represent a direct and immediate threat to Defendants or bystanders. Plaintiff points out that he was suspected of shoplifting, a nonviolent misdemeanor. Additionally, Plaintiff contends that Milberg's apprehension of being struck ended before he fired the shot that injured Plaintiff. Plaintiff maintains that Defendants violated the Des Peres Police Department's policies regarding the use of force, demonstrating that Defendants' conduct was unreasonable. Plaintiff asserts that, in violation of departmental policy, Milberg initiated a prohibited roadblock, fired his weapon into a moving vehicle, and fired his weapon in a situation where it appeared likely that an innocent person may have been injured.

Addressing Defendants' qualified immunity argument, Plaintiff maintains that Defendants violated Plaintiff's clearly established Fourth Amendment rights and, as a

result, a reasonable jury could conclude that their conduct was not objectively reasonable. Plaintiff argues that general Fourth Amendment standards, when applied to the facts established by the record, establish that Defendants violated Plaintiff's clearly established Fourth Amendment rights.

Lastly, Plaintiff argues that genuine disputes of material fact preclude summary judgment on the common law assault and battery claims. Plaintiff asserts, here too, that the record demonstrates that Plaintiff posed no threat to Defendants, and a reasonable jury could therefore conclude that Defendants used unreasonable force to arrest Plaintiff. Plaintiff also contends that a genuine dispute of material fact exists as to whether Defendants acted in bad faith or with malice.

In reply, Defendants reassert essentially the same arguments raised in support of their motion for summary judgment.

## **DISCUSSION**

### **Summary Judgment Standard**

Federal Rules of Civil Procedure Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party. *Sokol & Assocs., Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 610 (8th Cir. 2007). "[T]he burden of demonstrating that there are no genuine issues of material fact rests on the moving party," and the court must view "the evidence and the inferences which reasonably may be reasonably drawn [therefrom] in the light most

6

favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). "The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial . . . . The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (citations omitted).

**<u>Qualified Immunity</u>**

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known. The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. The qualified immunity analysis thus is limited to the facts that were knowable to the defendant officers at the time they engaged in the conduct in question. Facts an officer learns after the incident ends—whether those facts would support granting immunity or denying it—are not relevant.

*Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (citations omitted).

> [O]fficers are entitled to qualified immunity under §1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time. "Clearly established" means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful. In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate.

*Dist. of Columbia v. Wesby,* 138 S. Ct. 577, 589 (2018) (citations omitted); *see also Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015).

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority. . . . The clearly established standard also requires

7

> that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Wesby*, 138 S. Ct. at 589-90 (citations omitted). "[I]f a reasonable officer might not have known for certain that the conduct was unlawful—then the officer is immune from liability." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). "Once the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law." *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001) (citation omitted).

Here the Court first concludes that viewing the record in the light most favorable to Plaintiff, it would be possible for a reasonable jury to conclude that Milberg did not act objectively reasonably in shooting Plaintiff. Under the Fourth Amendment, where an officer has probable cause to believe that a suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. *Brosseau v. Haugen*, 543 U.S. 194, 197-98 (2004). But, at the time of the shooting here, it was clearly established that it is "unreasonable for an officer to use deadly force against a suspect merely because he is fleeing arrest; rather, such force is only reasonable if the fleeing suspect presents an imminent danger to the officer or others in the vicinity. " *See Lewis v. Charter Township of Flint*, 660 F. App'x 339, 346 (6th Cir. 2016); *see also Wallace v. City of Alexander, Ark.*, 843 F.3d 763, 770 (8th Cir. 2016). "This is the case even where the suspect flees in a vehicle." *Lewis*, 660 F. App'x at 346.

Milberg had fair warning that he may not use deadly force against a fleeing suspect where that person presents no imminent danger to the officer or others in the area. Because the dash cam video does not conclusively show whether that was the case here, Milberg is not entitled to qualified immunity based on the record before the Court. *See id.* (affirming the denial of qualified immunity on a claim of excessive force by a police officer who shot the plaintiff as the plaintiff was attempting to flee a traffic stop and the police officer's dash cam showed that the officer ran in front of the vehicle after decedent started the ignition and before he accelerated forward); *cf. Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015) (holding that a police officer was entitled to qualified immunity where he shot a speeding suspect from an overpass after receiving a report that the suspect was intoxicated and had threatened to shoot officers who were giving chase).

For similar reasons, Milberg is not entitled to summary judgment on Plaintiff's state law claims against him.

Because Plaintiff has not shown that Koppel violated Plaintiff's federal constitutional or state common law rights, the motion for summary judgment as to Koppel will be granted. At best, Plaintiff has shown that Koppel was at the scene.

The Court also rejects Defendants' argument based on *Heck*. If Plaintiff is successful on his § 1983 use-of-excessive-force claim, that would not demonstrate the invalidity of his conviction (by guilty plea) for assaulting Milberg. Therefore, the action is not *Heck*-barred. *See Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1007 (8th Cir. 2014) (holding that there is no inherent conflict between finding that police officers used excessive force in effectuating the plaintiff's arrest, and plaintiff's conviction for resisting
9

arrest and harassment of the arresting police officer); *Dyer v. Lee*, 488 F.3d 876, 881-83 (11th Cir. 2007) ("[S]o long as the last act in the altercation was one of excessive force by the police, a § 1983 suit on that basis would not negate the underlying conviction [of opposing the police by offering or doing violence to the person of said officer]"); *Bell v. Lombardi*, No. 4:14-CV-0027 (CEJ), 2016 WL 245405, at *3 (E.D. Mo. Jan. 21, 2016); *Jacobs v. Bayha*, No. 14-3055, 2015 WL 4237621, at *4 (3d Cir. July 14, 2015) ("[T]he doctrine of *Heck v. Humphrey* does not necessarily bar an action for excessive force by a person convicted of assault.")

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that motion of Defendants Trent Koppel and Daniel Milberg for summary judgment is **DENIED** as to Daniel Milberg and **GRANTED** as to Trent Koppel. (ECF No. 74).

A trial date for this case will be set by separate Order.

                                                              *Audrey G. Fleissig*
                                                              AUDREY G. FLEISSIG
                                                              UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2018.